CREIGHTON A. STEPHENS, ESQ. CALIFORNIA SB# 106377
LAW OFFICES OF CREIGHTON A. STEPHENS
179 CINDY AVENUE
NEWBURY PARK, CA 91320
(805) 540-2816  (805) 830-1112
Attorney for James A Craig

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA
## SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re: Karen Flitterman | ) Case No. 1:09-bk-12306-MT </br> ) </br> ) Adversary No. </br> ) </br> ) COMPLAINT FOR DETERMINATION OF </br> ) </br> ) EXCEPTIONS TO DISCHARGE </br> ) </br> ) (Nondischargeability of debt) </br> ) |
| James A. Craig, </br>    Plaintiff, </br> vs. </br> Karen Flitterman, </br>    Defendant. | |

COMES NOW Plaintiff James Craig (Craig), and hereby alleges as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to Sections 157 and 1334 of Title 28 of the United States Code and General Order No 266 of the District Court of the Central District of California. This is a core proceeding as defined by 28 U.S.C. §157 (b)(2)(1)

2. Venue in this court is proper pursuant to 28 U.S.C. § 1049(a) as this is a proceeding arising in or related to a case under title 11 which is now pending in this district. As Case Number 1:09-bk-112306-MT.

1

//

## PARTIES

3. Plaintiff is an individual residing in Ventura County California.

4. Plaintiff is informed and believes and thereon alleges that the defendant is an individual residing at in Ventura County California.

5. On or about March 3, 2009 Defendant Debtor filed a voluntary petition pursuant to Chapter 7 of Title 11 of the United States Code thereby commencing the case styled <u>In re Karen Flitterman</u> presently pending before this court.

## FIRST CLAIM FOR RELIEF

[Exception to discharge under 523(a)(2)(A)]

6. Plaintiff hereby incorporates by this reference as though fully set forth herein paragraphs 1 through 5, inclusive of this complaint.

7. Plaintiff is 87 years old, a resident of the Hillcrest Royal, a board and care facility in Thousand Oaks California.

8. Plaintiff is informed and believes that commencing in 2008 with the intent to obtain money from Plaintiff Defendant visited with Plaintiff at the Hillcrest Royal facility where he resides.

9. Plaintiff is informed and believes that after establishing a friendly relationship on various occasions Defendant approached plaintiff with requests that he lend money to her.

10. Plaintiff is informed and believes that Defendant is the author and signor of that certain letter dated June 27, 2009 which is attached hereto as Exhibit A and that such letter was delivered to Plaintiff to induce plaintiff to lend money.

11. Defendant borrowed the sum of $50.000 from Plaintiff in September of 2008 and prepared and provided to Plaintiff that certain promissory note dated September 14, 2008 a true and correct copy of which is attached hereto as Exhibit B.

12. Plaintiff is informed and believes that Defendant did not intend to repay the loan at the time it was taken and her financial situation was such that she did not have any reasonable

1. expectation of recourses with which to repay this loan.

13. Plaintiff is informed and believes that Defendant intentionally took advantage of Plaintiffs advanced age and diminished capacity in influencing him to make this loan without consulting his family, counsel or financial advisors.

14. Defendant failed to make any of the payments as set forth in Exhibit B, Plaintiff is informed and believes that a partial payment of $1000 was received on December 8 and the sum of $600 was received on March 9. Debtor's statement of affairs does not reflect any payments as having been made in the 90 days preceding the filing of the petition.

## SECOND CLAIM FOR RELIEF

[Exception to discharge under 11. U.S.C. § 523(a)(2)(B)]

15. Plaintiff hereby incorporates by this reference as though fully set forth herein paragraphs 1 through 14, inclusive of this complaint.

16. Plaintiff, in diminished capacity relied as Defendant intended on her representations as to the profitability of her business Creative Looms, Inc. Plaintiff is informed and believes that such representations as contained in Exhibit A were false and Defendant has no resources or prospects with which to repay the $50,000.00

## THIRD CLAIM FOR RELIEF

[Exception to discharge under 11 U.S.C. §523 (a) (4) & (6)]

17. Plaintiff hereby incorporates by this reference as though fully set forth herein paragraphs 1 through 16, inclusive of this complaint.

18. Plaintiff is informed and believes that Defendant intentionally took unfair advantage of Defendants situation and diminished capacity to intentionally take from him the sum of $50,000 without any intention of or ability to repay the same and that such conduct and intent amounts to willful and malicious injury in theft by false pretenses of the sum of $50,000.00, together with additional damages according to proof.

## PRAYER FOR RELIEF

### FIRST CLAIM FOR RELIEF

1. For a judgment of Exception to discharge pursuant to 11 U.S.C. 523 (a)(2)(A) in the sum of $50,000.00

### SECOND CLAIM FOR RELIEF

2. For a judgment of Exception to discharge pursuant to 11 U.S.C. 523 (a)(2)(B) in the sum of $50,000.00

### THIRD CLAIM FOR RELIEF

3. For a judgment of Exception to discharge pursuant to 11 U.S.C. 523 (a)(6) in the sum of $50,000.00

4. For damages according to proof.

5. For attorneys' fees and costs of suit incurred herein; and

6. For such other and further relief as the court deems just and proper.

_____
CREIGHTON A. STEPHENS
Attorney for Plaintiff James Craig

Verification:

I Amara Zaring am the granddaughter of Plaintiff James Craig and the holder of a General Power of Attorney granted by him for the management of his affairs, I have reviewed the within complaint and I have knowledge and belief that the allegations therein accurately reflect the facts as I understand them to be. I declare under penalty of perjury the forgoing is true and correct.

Executed this 4th day of June 2009 at Thousand Oaks, California

_____
Amara Zaring

4

COMPLAINT FOR DETERMINATION OF DISCHARGEABILITY IF DEBT