07/23/2009   19:46   8054993762    CREATIVE LOOMS    PAGE 01

Karen Flitterman
225 Canyon Road
Newbury Park, CA 91320
818 805 499 3672

Debtor and Defendant Karen Flitterman

FILED
OCT 22 2009
CLERK U.S. BANKRUPTCY
CENTRAL DISTRICT OF CA
BY:_____ Deputy Clerk

## UNTIED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA
### San Fernando Valley Division

In Re:

Karen Flitterman,,

    Debtors.

_____

James A. Craig,

    Plaintiff,

v,

Karen Flitterman,

    Defendant.

CASE NO: 1:09-bk-12306-MT

Adversary No.: 1:09-ap-01173-MT

**ANSWER TO COMPLAINT**

Defendant KAREN FLITTERMAN, hereby answers the Complaint filed by plaintiff JAMES A. CRAIG ("Plaintiff"), and assert her affirmative defenses as follows:

### ANSWER TO COMPLAINT

1. Admits the allegations contained in paragraphs 1, 2,3,,5,and 6, of said complaint.

2. Denies the allegations contained in paragraphs 7, 8,, 9, 10, 11, 12, 13, 14, 15, 16, 17, and 18 of said complaint.

3. Admits the allegation in the complaint that the above entitled proceeding is core.

Page 1

ANSWER

## AFFIRMATIVE DEFENSES

As for their separate and affirmative defenses, Defendants allege as follows:

### FIRST AFFIRMATIVE DEFENSE

(Failure to State a Claim)

1. As a separate and first affirmative defense to the Complaint, and to the purported causes of action set forth therein, Defendants allege that the Complaint fails to state facts sufficient to constitute a cause of action.

### SECOND AFFIRMATIVE DEFENSE

(All Obligations Performed)

2. As a separate and second affirmative defense to the Complaint and to the purported causes of action set forth therein, Defendants allege that Defendants have fully and/or substantially performed any and all obligations they may have had to Plaintiffs.

### THIRD AFFIRMATIVE DEFENSE

(Apportionment of Fault)

3. As a separate and third affirmative defense to the Complaint, and to the purported causes of action set forth therein, Defendants allege that Plaintiff's damages, if any, were caused by the negligence and/or acts or omissions of parties other that the Defendants, whether or not parties to this action. By reason thereof, Plaintiff's damages, if any, as against the Defendants, must be reduced by the proportion of fault attributable to such other parties.

### FOURTH AFFIRMATIVE DEFENSE

((Failure to Mitigate)

4. As a separate and sixteenth affirmative defense to the Complaint, and to the purported causes of action set forth therein, Defendants allege that at all relevant times the Plaintiff has failed to mitigate its damages and are therefore completely or partially barred from recovery.

ANSWER

## FIFTH AFFIRMATIVE DEFENSE

(Performance Excused)

5. As a separate and thirteenth affirmative defense to the Complaint, and to the purported causes of action set forth therein, Defendants allege that Defendants were excused from any performance due from them to Plaintiff under any of the alleged contracts.

## SIXTH AFFIRMATIVE DEFENSE

(Compliance with the Law)

6. As a separate and sixth affirmative defense to the Complaint, and to the purported causes of action set forth therein, Defendants allege that the actions taken by Defendants were in full compliance with the law.

## SEVENTH AFFIRMATIVE DEFENSE

(Estoppel)

7. As a separate and seventh affirmative defense to the Complaint, and to the purported causes of action set forth therein, Defendants allege that Plaintiffs are barred in whole or in part from prosecuting the purported causes of action set forth in the Complaint by the doctrine of estoppel.

## EIGHTH AFFIRMATIVE DEFENSE

(Lack of Standing)

8. As a separate and eleventh affirmative defense to the Complaint, and to the purported causes of action set forth therein, Defendants allege that Plaintiffs lack standing to prosecute the purported claims set forth in the Complaint.

## NINTH AFFIRMATIVE DEFENSE

(No Injury or Damage)

9. As a separate and twelfth affirmative defense to the Complaint, and to the purported causes of action set forth therein, Defendants allege that Plaintiff has not been injured or damages as a proximate result of any act or omission for which Defendants are responsible.

Page 3

ANSWER

## TENTH AFFIRMATIVE DEFENSE

(Reservation)

10. Defendants presently have insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet, unstated affirmative defenses. Defendants reserve the right to assert additional defenses in the event that discovery indicates such would be appropriate.

Wherefore, defendant prays that said complaint be dismissed, with costs.

Dated: October 15, 2009

_Karen Flitterman_
Karen Flitterman

ANSWER

PROOF OF SERVICE VENTURA

STATE OF CALIFORNIA, COUNTY OF ~~LOS ANGELES~~ VENTURA

I am employed in the County of ~~Los Angeles~~ VENTURA, California. I am over the age of 18 years and not a party to the within action. My business address is **Karen Flitterman, 225 Canyon Road, Newbury Park, CA 91320**. On **October 15, 2009** served the foregoing document described as: **Answer to Complaint** on the interested party(ies) in this action by transmitting a true and correct copy of each document thereof, as follows:

Mr. Creighton Stephens
Law Offices of Creighton Stephens
179 Cindy Avenue
Newbury Park, CA 91320

(X)    **BY MAIL:** I am "readily familiar" with the firms practice for collection and processing of correspondence for mailing with the United States Postal Service. I know that the correspondence is deposited with the United States Postal Service on the same day this declaration was executed in the ordinary course of business. I know that the envelope was sealed and, with postage thereon fully prepaid, placed for collection and mailing on this date, following ordinary business practices in the United States mailed at Newbury Park, California.

( )    **OVERNIGHT DELIVERY:** I am "readily familiar" with the firms practice for collection and processing of for overnight delivery. Under that practice, it is deposited to an authorized courier by the express service carrier to receive documents in an envelope or package designated by the express service carrier with delivery fees paid.

( )    **BY FACSIMILE:** From fax no.: to Fax No.:           At  m. directed to         . The facsimile machine I used complied with Rule 2003(3), and no error was reported by the machine. Pursuant to Rule 2005(i), I caused the machine to print a record of the transmission, a copy of which is attached to this declaration.

( )    **By E-Mail:**

( )    **BY PERSONAL SERVICE:** I delivered such envelope by hand to the offices of the addressee noted on this Proof of Service .

Executed on **October 15, 2009** at Newbury Park, California.

(I declare under penalty of perjury that the foregoing is true and correct..

*Karen Flitterman* (signature)
Karen Flitterman

Page 5

ANSWER